IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DMITRIY STOLYARCHUK

        Plaintiff,                     No. CIV S-11-1670 MCE CKD PS

    vs.

AMTRUST BANK et al.

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). On July 21, 2011, defendants AmTrust Bank, Mortgage Electronic Registration Systems, Inc., and Residential Credit Solutions, Inc. filed a motion to dismiss and a motion for an order expunging the lis pendens recorded by plaintiff. (Dkt. No. 11.) On October 11, 2011, plaintiff filed a statement of non-opposition. (Dkt. No. 19.) In the statement of non-opposition, plaintiff has requested that this action be dismissed without prejudice.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The November 2, 2011 hearing on defendants' motion to dismiss is vacated.

        2. Defendants shall notify this court within seven (7) days of the date of service of this order whether they have any objection to the dismissal of this action without prejudice.

\\\\

1

Should defendants fail to respond, plaintiff's request will be granted pursuant to Fed. R. Civ. P. 41(a)(2) and the lis pendens will be ordered expunged.[1]

Dated: October 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5
stolyarchuk.1670.mtd.nonop.wpd

---

[1] A court "shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32. Even when a plaintiff is given leave to amend a complaint that was dismissed, it is proper for the court to order the lis pendens expunged when the plaintiff fails to establish that he is likely to prevail on the merits. Winding v. NDEX West, LLC, 2011 WL 1080650, at *4 (E.D. Cal. Mar. 21, 2011).

2